**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEMINI CONSULTING GROUP INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     No. 06 C 3032 ) |
| HORAN KEOGAN RYAN LTD., an Irish limited liability company, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the court is defendant's request for attorney's fees and costs.  For the reasons explained below, the request is denied.

**BACKGROUND**

Plaintiff, Gemini Consulting Group Inc. ("Gemini"), is an Illinois corporation involved in the development of medical care facilities. Defendant, Horan Keogan Ryan Ltd. ("HKR"), is an Irish architectural firm.  This action arises out of the development of two medical care facilities in Ireland, one in Trim, County Meath (the "Trim Project") and one in Sligo (the "Sligo Project").  With respect to the Trim Project, Gemini contracted for HKR's architectural services pursuant to a signed agreement (the "Trim Agreement").  HKR created certain plans and designs for the Sligo

Project, but the parties never entered into a written agreement for that project.

HKR submitted bills to Gemini for both projects (€ 112,313.53 for the Trim Project and € 10,461.47 for the Sligo Project), to which Gemini objected. Gemini complained that HKR's designs for the Trim Project were flawed and not HKR's original work and that it had never requested HKR to prepare plans and designs for the Sligo Project. Efforts to resolve the disputes failed, and HKR advised Gemini that it would initiate arbitration pursuant to an arbitration clause in the Trim Agreement.

The disputes were arbitrated in Ireland. Gemini objected to the arbitrator's appointment, but the arbitrator ruled that under Irish law, he had the power to arbitrate the disputes even if Gemini did not consent to his appointment. In November 2005, the arbitrator awarded HKR € 109,513.53 in professional fees and € 2,800.00 in fire engineering consultancy costs for the Trim Project (the "Trim Award") and € 10,461.73 in professional fees for the Sligo Project (the "Sligo Award"). Interest on those amounts at a rate of 4% was also awarded as well as costs.

In June 2006, Gemini filed the instant declaratory judgment action, seeking three declarations: (1) that the arbitration awards are invalid and unenforceable; (2) that HKR repudiated the Trim Agreement and therefore waived its right to arbitration; and (3) that HKR must initiate any legal proceedings against Gemini here in

the United States.  HKR moved to dismiss the complaint and to confirm the arbitral awards.

In our Memorandum Opinion of May 30, 2007, we held that we lacked jurisdiction to award the relief plaintiff was seeking and dismissed the complaint.  In addition, we confirmed the Trim Award because Gemini failed to persuade us that any of the defenses to its enforcement, as set forth in the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"),[1] were applicable.  We declined to confirm the Sligo Award, however, because HKR could not produce a signed agreement or an exchange of letters or telegrams, a prerequisite to enforcement under the plain language of the Convention.

HKR now seeks an award of its attorney's fees and costs incurred in this action.  Specifically, HKR seeks "all its reasonable attorney's fees associated with dismissing Gemini's Complaint, and at least 90 percent of its fees associated with the Petition to Confirm."  (Mem. in Supp. of Req. for Fees at 6.)

### DISCUSSION

"[T]he prevailing American rule is that each party in federal litigation pays his own attorneys' fees."  Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994).  There are two bases for deviating

---

[1] United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted in 9 U.S.C. § 201 note.  Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201, provides that the Convention shall be enforced in United States courts.

from the American rule: (1) statutory authority; and (2) a
contractual agreement between the parties.  Id.  HKR concedes that
there is no statutory authority for fees in this case;[2] instead, it
invokes the Trim Agreement.  The Trim Agreement does not contain a
fee-shifting provision, but HKR relies on the contract's choice-of-
law provision, which states: "The governing law relating to any
matter arising under this Letter of Appointment or in connection
therewith shall be the laws in Ireland."  (Compl., Ex. A, Trim
Agreement, at 10.)  According to HKR, the rule in Ireland is that
the prevailing party is awarded its legal fees and costs "as a
matter of course."  (Mem. in Supp. of Req. for Fees at 2.)  In
support of its argument, HKR has submitted the Declaration of
Jonathan Cullen, an Irish solicitor, who states:

> Under Irish law, the award of costs (principally the
> legal fees incurred) following the determination of
> litigation, is at the sole discretion of the Court.  In
> this regard, however, the general practice of the Irish
> Courts is that "costs follow the event" (*i.e.* in the
> normal course the successful party is awarded his costs
> against the unsuccessful party) and generally the Court
> will not depart from this general rule unless the justice
> of the case so requires or there are exceptional
> circumstances to warrant a departure from the general
> rule.
> . . .
> In circumstances such as this an Irish Court would likely
> have regard to the extent to which the party seeking
> confirmation had been successful by reference to the
> total amount of the awards for which confirmation was
> sought and the amount for which confirmation was

---

[2] "[T]here is nothing in the Federal Arbitration Act which provides
attorneys' fees to a party who is successful in seeking confirmation of an
arbitration award in the federal courts."  Menke, 17 F.3d at 1009.

> successfully obtained. An Irish Court would then
> normally make an award in relation to costs on this
> aspect of the litigation by awarding costs on a
> percentage basis by reference to the amount for which
> confirmation was successfully obtained in light of the
> total amount for which confirmation was sought.

(Mem. in Supp. of Req. for Fees, Ex. A, Decl. of Jonathan Cullen, ¶¶ 2, 5.) Mr. Cullen cites no authority for his conclusions, nor does he refer to any particular personal experiences. Gemini's response is that we should not award HKR fees because the Trim Agreement does not explicitly provide for fee-shifting and that in any event, HKR would not be entitled to fees even under Irish law.[3] In support of the latter argument, Gemini submits its own declaration of an Irish solicitor, Rory Kirrane, who disagrees with Mr. Cullen and states:

> There is no general right in Irish law to recovery of
> costs either in litigation or in arbitration. The
> ability to recover costs is subject to specific statutory
> provisions and court rules in both instances . . . . In
> particular if a sum of costs to be recovered is either
> not subject to agreement between the parties to a dispute
> or is not the subject of a taxed Order of Costs from
> either the High Court Taxing Master (a judicial office)
> or an arbitrator . . . then a party has no basis
> whatsoever on which to recover costs.

(Resp. in Opp'n to Def.'s Mem., Ex. A, Decl. of Rory Kirrane, ¶ 4.) Like Mr. Cullen, Mr. Kirrane cites no case law in support of his conclusions and refers to no particular personal experiences. In addition, at least part of Mr. Kirrane's declaration deals with the

---

[3] HKR's contention that Gemini waived these arguments is without merit.

arbitrator's award of costs in the underlying arbitration, which is not at issue here.

Both parties seem to have jumped the gun by focusing on the content of Irish law when the threshold analysis is choice of law. Many of the cases cited by HKR engage in a choice-of-law analysis, yet HKR does not, and Gemini similarly gives short shrift to the issue. The critical question is, even if the parties agreed that Irish law would govern the Trim Agreement, is that choice applicable to attorney's fee awards in litigation on the contract considering that "[c]hoice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law"? See FDIC v. Petersen, 770 F.2d 141, 142 (10th Cir. 1985). Although the Seventh Circuit has cautioned against casual use of the terms "substantive" and "procedural," see Midwest Grain Products of Illinois, Inc. v. Productization, Inc., 228 F.3d 784, 791 (7th Cir. 2000), it has also observed: "The principles for determining when a losing party must reimburse the winner for the latter's expense of litigation are usually not a part of a substantive body of law, such as contract law, but a part of procedural law." Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., 313 F.3d 385, 388 (7th Cir. 2002).

We believe that this case is governed by the principles set forth in Midwest Grain, 228 F.3d 784. Like the Trim Agreement, the contract at issue in Midwest Grain was silent on the issue of

attorney's fees but did contain a general choice-of-law clause. The parties had agreed that Oklahoma law would govern their contract, and the prevailing party claimed a right to attorney's fees under an Oklahoma statute.[4]  Citing <u>Klaxon Co. v. Stentor Electric Manufacturing Co.</u>, 313 U.S. 487, 496-97 (1941), the Court first observed that a federal court sitting in diversity applies the choice-of-law principles of the state in which it sits, and then stated:

> We therefore turn . . . to Illinois law, under <u>Klaxon</u>, and ask where Illinois thinks this decision should be made.  If Illinois regards attorneys' fees as the kind of thing that should follow the law of the contract, then it would look to the Oklahoma fee statute; if instead Illinois regards attorneys' fees as an aspect governing use of the judicial system (*i.e.* "procedural"), then an Illinois court hearing this case would follow Illinois rules on fees regardless of what Oklahoma had to say.
>
> Aside from the general reference to Oklahoma's law, the contract is silent on the issue of attorneys' fees. (If fees were specifically addressed, of course, that would be a different matter, and both Oklahoma and Illinois would follow the parties' agreement.)  In our view, that reference alone is not enough to answer the question before us.  The parties obviously could not impose the Oklahoma rules of civil procedure on a foreign court, nor could they require a foreign court to recognize certain items as compensable costs, . . . even if Oklahoma chooses to do so.

---

[4]/  The Court quoted from the Oklahoma statute, which specifies that in any civil action on a contract for the purchase or sale of goods, unless otherwise provided by the contract or by law, the prevailing party "shall" be allowed reasonable attorney's fees.  <u>Midwest Grain</u>, 228 F.3d at 790-91.  Here, although we need not decide the question of what Irish law actually would prescribe in regard to attorney's fees, we note that HKR is not relying on a clear entitlement to attorney's fees set forth in a statute or rule like the Oklahoma statute in <u>Midwest Grain</u>.  Instead, it relies on a much more amorphous "right" to fees, even conceding that fees are a matter of Irish courts' discretion.

Midwest Grain, 228 F.3d at 791 (citations omitted).  The Court then analyzed Illinois's treatment of attorney's fees and concluded that Illinois views fees as "procedural" and would refuse to allocate authority for deciding whether they are recoverable to another jurisdiction, even in a contract case governed by that other jurisdiction's law.  Id. at 792.  The district court's holding that the Oklahoma statute was not applicable (and that there was no entitlement to attorney's fees because Illinois has no such statute) was affirmed.  Id.

We are unpersuaded by HKR's efforts to distinguish Midwest Grain.  The case is directly on point and controlling.  Moreover, the three cases relied upon by HKR in which courts applied foreign fee-shifting law in reliance upon a contractual choice-of-law clause are inapposite because those courts employed other states' choice-of-law principles, not those of Illinois. Because the law of the forum--Illinois--characterizes attorney's fees as "procedural," HKR's argument for the application of Irish law fails.

HKR also contends in a one-paragraph argument that it is entitled to attorney's fees and costs "for the additional reason" that Gemini's complaint and opposition to confirmation of the Trim Award were "meritless."  (Mem. in Supp. of Req. for Fees at 7.) HKR does not invoke any particular rule, such as Rule 11, nor does it even maintain that Gemini's pleadings were frivolous, which is

the standard under Rule 11.[5]  In light of HKR's failure to cite a
basis for sanctions and to adequately develop its argument, the
argument is rejected.

### CONCLUSION

The request of defendant Horan Keogan Ryan Ltd. for attorney's
fees and costs is denied.


DATE:     May 13, 2008



ENTER:    _____
          John F. Grady, United States District Judge

---

[5]  HKR's argument is akin to the plaintiff's argument in <u>Generica Ltd. v.
Pharmaceutical Basics, Inc.</u>, No. 95 C 5935, 1996 WL 685448, at *2 (N.D. Ill. Nov.
23, 1996), that attorney's fees were warranted because defendant's attack on an
arbitral award was "without legal justification."  In light of plaintiff's
failure to explicitly argue for sanctions or a finding of frivolousness, the
<u>Generica</u> court found that plaintiff was not truly seeking Rule 11 sanctions.